## DRYSDALE *v.* The State of Georgia.

1. Where the verdict is correct if the testimony of the prosecutor was true, and where the jury must have believed it true in order to render the verdict, the result coincides with the substantial merits of the case.

2. A husband may attack for intimacy with his wife in his presence, raising a well-founded belief that the criminal act is just over or about to begin; and the adulterer, though in danger, has no right to defend himself by using a deadly weapon.

November 25, 1889.

Verdict.   Witness.   Criminal law.   Husband and wife.   Before Judge RONEY.   Richmond superior court. October term, 1888.

Drysdale was indicted for assault with intent to mur-

der, committed on Jack Adams. Jack was the only witness introduced by the State, and testimony in conflict with his was introduced for the defendant. The verdict was guilty of shooting at another; and upon the refusal of a new trial exception was taken.

W. T. GARY and R. L. PIERCE, by brief, for plaintiff in error.

BOYKIN WRIGHT, solicitor-general, for the State.

BLECKLEY, Chief Justice.

1. If the evidence of the prosecutor was true, there can be no possible doubt of the correctness of the verdict; and that the jury believed it true is equally certain, from the fact that they rendered a verdict based upon it. This disposes of the case upon its actual merits. None of the errors of the court complained of could have misled the jury if the prosecutor was a truthful witness; and, with or without errors, the jury could not have reached a verdict of guilty had they doubted the truth of his testimony.

2. The charge of the court complained of in the 6th ground of the motion for a new trial must be read in the light of that testimony, this charge being: "If you believe the prosecutor caught the defendant and his wife under such circumstances as led him to believe that they had just been in the act of cohabitation or were about to cohabit with each other, then the prosecutor had the right to protect his marital rights; and if in pursuance of such an object he assaulted the defendant, and the defendant shot at him with the intention to kill him, then the defendant is guilty of assault with intent to murder." There was no evidence save that of the prosecutor which tended to show that the defendant and the prosecutor's wife were caught under circumstances calculated to induce the belief that they had just been in the act of cohabitation or were about

to cohabit. If such circumstances existed, they were undoubtedly brought about either by the guilty acts of the defendant, or by acts on his part done without just cause or excuse, and which were adapted to produce the belief that he was engaged at that time either in terminating or in beginning criminal communication with the prosecutor's wife. The charge of the court has no reference to any cohabitation except such as may have just taken place or such as was about to take place at the time of the hostile meeting; and we take the law of such a situation to be this: that a man surprised by the husband immediately after an actual, or immediately before an intended adulterous connection, can lawfully defend himself against the husband's violence by flight only, or at least by means short of deadly. He cannot stand his ground and shoot or cut to repel the husband's attack upon him, though it may be a dangerous attack. Whatsoever the law would justify the husband in doing under such circumstances, it would not justify the adulterer in preventing by homicide or attempting homicide; perhaps not otherwise than by making his escape. The charge we have quoted, treated as a general proposition, is inaccurate, because circumstances which would lead a husband to believe that a man has just been engaged in the guilty act, or is about to engage in it, would not deprive the man of the right of self-defence on the spot, unless he himself was chargeable with giving rise to such circumstances by his own improper or unjustifiable conduct. This qualification should have been introduced into the charge, but its absence in this particular case was harmless, inasmuch as the evidence on which the jury must have based their verdict showed that it was the improper and unjustifiable conduct of the accused at the time and place of the collision which brought the circumstances of apparent criminality into existence. Moreover, the verdict was not for assault with intent to murder, but only for unlawful shooting.

The other grounds of the motion for a new trial need not be discussed, inasmuch as none of them are sufficient under the evidence in the record to warrant the grant of another trial. As we have already said, the credibility of the prosecutor was the question on which the propriety of conviction depended, and on that question the sagacity of the jury can be fully trusted.

*Judgment affirmed.*